```
                                                                    1

                    UNITED STATES DISTRICT COURT      FILED
                    EASTERN DISTRICT OF NEW YORK   IN CLERK'S OFFICE
                                                   U.S. DISTRICT COURT E.D.N.Y.
     - - - - - - - - - - - - - X
                                                   ★ FEB 22 2011 ★
     UNITED STATES OF AMERICA,    :
                                                   11CR 05   BROOKLYN OFFICE

             -against-                             United States Courthouse
                                   :               Brooklyn, New York
     BARTOLOMEO VERNACE,

                Defendant.
                                   :               February 9, 2011
                                                   2:30 o'clock p.m.
     - - - - - - - - - - - - - X

                TRANSCRIPT OF DECISION ON BAIL APPEAL
                BEFORE THE HONORABLE SANDRA L. TOWNES
                    UNITED STATES DISTRICT JUDGE

     APPEARANCES:

     For the Plaintiff:      LORETTA LYNCH
                             United States Attorney
                             BY:  EVAN NORRIS and STEPHEN FRANK
                             Assistant United States Attorneys
                             225 Cadman Plaza East
                             Brooklyn, New York 11201

     For the Defendant:      GERALD SHARGEL, ESQ.




     Court Reporter:         Henry R. Shapiro
                             225 Cadman Plaza East
                             Brooklyn, New York
                             718-613-2509


     Proceedings recorded by mechanical stenography, transcript
     produced by CAT.




                    HENRY SHAPIRO        OFFICIAL COURT REPORTER
```

1   THE COURT: The issue of whether to grant detention
2 or release is an issue to be decided de novo as a result of
3 the government's appeal of the decision of the
4 Magistrate-Judge.
5   Under the Bail Reform Act, 18 U.S.C. Section 3141,
6 pretrial detention is available only pursuant to 3142(e). See
7 18 U.S.C. 3142(a)(4). United States versus Dilard 214 F3 88,
8 pages 90 and 91, Second Circuit 2000.
9   That subsection expressly authorizes the pretrial
10 detention of a defendant upon a finding that:
11   "No condition or combination of conditions will
12 reasonably assure the appearance of the person as required and
13 the safety of any other person and the community."
14   Under certain circumstances, as here, there is a
15 statutory rebuttable presumption that no condition or
16 combination of conditions will reasonably assure the
17 appearance of the defendant as required and the safety of any
18 other person and the community. See 18 U.S.C. Section
19 3142(e).
20   The rebuttable presumption attaches if the judicial
21 officer finds that there is probable cause to believe that the
22 defendant committed an offense in violation of Section 18
23 U.S.C. Section 924(c). Because the defendant has been
24 indicted for violating 18 U.S.C. Section 924(c), that
25 statutory presumption in favor of detention arises that:

Case 1:11-cr-00005-SLT   Document 54   Filed 02/22/11   Page 3 of 11

3

1          "No condition or combination of conditions will
2    reasonably assure the appearance of the person as required and
3    the safety of any other person in the community." A
4    presumption both of flight and dangerousness arises because of
5    that crime charged. Whereas, here, a presumption of detention
6    is applicable, the defendant is required to introduce evidence
7    to rebut the presumption.  See Marter, 782 F 2d, at page 1144.
8          But this does not cause the presumption to disappear,
9    rather it continues to be weighed with other factors effecting
10   the decision to release or detain the defendant.
11         See Rodriguez 9950, F 2d, at page 88.
12         However:  "The government retains the burden of
13   persuasion." See Rodriguez at page 88.
14         To determine whether the presumption of dangerousness
15   and flight are rebutted, the District Court considers, under
16   United States versus Mercedes, 254 F 3d 433 at page 436:
17         First, the nature and circumstances of the crimes
18   charged.
19         Second, the weight of the evidence against the
20   defendant.
21         Third, the history and characteristics of the
22   defendant, including family ties, employment, community ties,
23   past conduct.
24         Four, the nature and seriousness of the danger to the
25   community or an individual.

1           First, the nature and circumstances of the crimes
2  charged.  The defendant has been charged in Count One with a
3  racketeering conspiracy and with regard to Racketeering Acts
4  One and Two, if convicted the defendant, the maximum penalty
5  is custody for a period of life.
6           Racketeering Act one is conspiracy to murder and
7  murder as is Racketeering Act Two. Racketeering Act Three
8  illegal gambling. Racketeering Act Four, which is a crime of
9  violence, as well as One and Two, extortionate extention of
10 credit, conspiracy, with the maximum period of imprisonment
11 twenty years.
12          Racketeering Act Five, under Count One, illegal
13 gambling and Racketeering Act Seven, crimes of violence,
14 extortionate extension of credit and extortionate collection
15 of credit. That is Six and Seven, both crimes of violence,
16 and Count Two charges the defendant with using carrying and
17 possessing a firearm, where if convicted, the sentence is not
18 less than ten years under the facts alleged in this
19 indictment.
20          As stated, if convicted, the defendant is confronted
21 with a potential sentence of life imprisonment.
22          The second consideration, weight of the evidence
23 against the defendant.  The government has proffered that
24 there will be testimony of seven cooperating witnesses, and
25 also law enforcement witnesses, and other eyewitnesses, who

are neither cooperating nor law enforcement, and documentary evidence, including tape recorded conversations of members of the crime family, surveillance photographs and video and other evidence. The evidence proffered by the government appears to be strong at this time.

The third consideration, is the history and characteristics of the defendant, including family ties, employment, community ties and past conduct. The defendant has shown ties to family and community, and prior criminal convictions are limited to gambling offenses.

According to the pretrial investigation report, the defendant has ties to Italy, the defendant is unemployed, the defendant has used a false name, and according to the government the defendant continued to commit criminal conduct while on bail from and during the period 1999 to 2002. Further, the defendant does not own his residence and next, the defendant appears to possess the financial ability to flee as evidenced by the currency recovered from him at his social club on January 17, 2011.

United States versus Mercedes, the citation, again, 254 F 3d, 437 and 38, Second Circuit, 2001. In that case the circuit held that factors favoring release such as citizenship and strong ties to the community do not overcome a presumption against pretrial release where the defendant is charged with a violent crime and the evidence against him is strong as it

1 appears to be in this case, and

2 Fourth, the nature and seriousness of the dangers to
3 the community or an individual.

4 With regard to this, I did listen to Government
5 Exhibit A, a conversation between one of the defendant's
6 associates and what appears to be a cooperating witness in
7 1999. During this conversation where the defendant's
8 associate was not aware that he was being taped, there was a
9 discussion of the defendant's arrest for the two homicides
10 involved here. From that discussion I gleaned that the
11 defendant, in the opinion of his associate, is a real
12 gangster, not a want to be, is the real thing. He asked the
13 question: "Do homicides and infliction of injury happen, does
14 it happen. Yeah, it happens every day. Different
15 circumstances from, that of John Doe allow that to happen,"
16 and as quoted by the associate, "if they found you were
17 setting them up, more than likely, yeah."

18 Evidence of extortion and injury and homicide can
19 result under certain circumstances.

20 The defendant argues that there is no proof that he
21 is a present danger, however, the government has also
22 proffered evidence that the defendant is a high ranking member
23 of the Gambino organized crime family. Pursuant to
24 information provided by one cooperating witness, he was a
25 captain in 2007, and in 2008 to 2009, another cooperating

1  witness informed, that the defendant along with Marino and
2  Gambino have been elevated to run the affairs of the family as
3  a three member panel, which according to that witness,
4  remained in effect at least until 2010.
5      The government has also produced evidence, that the
6  previous crime family administration members were arrested in
7  2008 and prosecuted and at that time there was a void in the
8  administration or leadership of the crime family when the
9  cooperating witness alleges that the defendant, along with
10 others, stepped into that position.
11     Second, surveillance has revealed the defendant in
12 the company of organized crime figures up to January of 2011.
13 The list of those present in the back room of the defendant's
14 social club on January 17th of this year is telling.  They
15 include Gambino crime family captains and soldiers, all
16 convicted felons, and it is the opinion of this Court that
17 alone shows the defendant's continued involvement in organized
18 crime, and the fact of the defendant's leadership position has
19 not been rebutted. As a leader, the defendant has at his beck
20 and call dangerous criminals to do his bidding.
21     Pretrial services is unable to monitor the defendant
22 sufficiently to assure that he cannot direct others to commit
23 acts of violence, even though he does not leave his home.
24 There is at least one other person who resides in that
25 residence who are not subject to home confinement

1  restriction.

2          A crime of violence is defined in the Bail Reform Act
3  as: "

4          A, an offense that has, as an element of the offense,
5  the use, attempted use or threatened use of physical force
6  against the person or property of another.

7          "B, any other offense that is a felony and by it's
8  nature involved a substantial risk that physical force against
9  the person or property of another may be used in the course of
10 committing the offense.". 18 U.S.C. 3156 subdivision (a)(4).
11 The Second Circuit has clearly held that:

12         "Leaders of criminal gangs who direct the commission
13 of violent crimes by others, can be detained prior to trial
14 under the circumstances prescribed by the act." United States
15 versus Colombo, 777 F 2d 96, at page 98.  That is a Second
16 Circuit 1985 case.

17         Moreover, the defendant need not be shown to have
18 personally engaged in acts of physical violence before being
19 found to be a danger to the community and also United States
20 versus Defede 7 F Supp at page 395, holding that:

21         "The threat inherent in defendant's continued
22 liberty need not stem directly from the threat of any violent
23 acts by him."

24         As the court in United States versus Belomo noted:
25 "The leader of a criminal enterprise with the ability to

1  order members of that enterprise to engage in criminal actions
2  may be an danger to the community despite the lack of evidence
3  that he directly participated in many, if any, of the charged
4  crimes. 944 F Supp 1160 at page 1166, and this is a Southern
5  District of New York case dated 1996. Citing United States
6  versus Orena 986 F 2d, 628 at page 632, Second Circuit, 1993.
7       The courts have also made it clear that: "The
8  dangerousness of the defendant is not determined solely by
9  looking at the acts charged in the indictment," although that
10 would be sufficient here. There is no requirement of a nexus
11 between the charged conduct and the basis of the Court's
12 conclusion that a defendant is a serious danger to the
13 community.
14      This Court, therefore, may look beyond the charged
15 conduct to assess the degree of danger that the defendant
16 possesses, and I must tell you that the recording that I
17 listened to made it very clear that this crime family engages
18 in dangerous acts, including acts of homicide, and that this
19 defendant is a leader in this crime family.
20      Here the government has proffered evidence, which as
21 I stated before, has not been controverted, that the defendant
22 is a leader of the crime family, because of the authority
23 inherent in that position, the defendant possess a danger from
24 which there can be no combination of conditions sufficient to
25 prevent him from continuing in that role, even if placed under

HENRY SHAPIRO          OFFICIAL COURT REPORTER

house arrest. See United States versus Orena, 986, F 2d, at pages 632 through 633:

"It's well established that a person who holds defendant's status routinely engage in conduct that is a menace to public safety," and that is corroborated by the conversation on the audio tape listened to by this Court, even though the defendant was not a participant to the conversation.

"The argument thus is based not on the status, but on the inference a person in defendant's position is quite likely to engage in dangerous conduct, just as one reasonably could infer that one holding the position of major league ball pitcher is entirely likely to hurl a small white object in the direction of home plate."

United States versus Fefede 7 F Supp section, at page 391, note four.

Since there does not appear to be a dispute that the administration of an organized crime family has substantial power and the authority to supervise the criminal activities of the family, including acts of violence, the threat of the defendant's continued liberty still his ability to continue to direct, plan, order and supervise criminal activity even if he himself may not be personally involved, and as indicated in the audio tape to which this Court listened, the act of homicide is something that can be expected by those who setup

1  or as I interpret it cooperate against the the defendant.
2       Accordingly, based on all of the evidence before this
3  Court and for the reasons set forth, in United States versus
4  Defede. 7 F Supp, 390; United States versus Belomo, 944 F
5  Supp, 1160; United States versus Colombo, 777 F 2d, 96, United
6  States versus Orena, 986 F 2d, 628, and on the record before
7  it, this Court orders that the defendant be detained pending
8  trial, based upon the Court's finding on clear and convincing
9  evidence that there are no conditions or combination of
10 conditions that will reasonably assure the safety of the
11 community, were he to be released on bail.
12      So bail is denied.
13      I will get a copy of my decision here, sign it and
14 get it to you. I know you want to appeal it, so I'll do that
15 as quickly as possible.
16           Thank you.
17             ******
18
19  SO ORDERED: _____  2/16/11
20                  USDJ
21
22
23
24
25