UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA

       - against -                                      11 CR 005 (SLT)

BARTOLOMEO VERNACE, *et al.*

                    Defendants.
-----------------------------------------------------------x


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
<u>BARTOLOMEO VERNACE'S PRETRIAL MOTIONS</u>**



**CHARLES F. CARNESI
1225 Franklin Avenue, Suite 325
Garden City, New York 11530
516-512-8914
Cfcarnesi49@aol.com

JOSEPH DIBENEDETTO
The Law Office of
Joseph DiBenedetto, P.C.
The Woolworth Building
233 Broadway, Suite 2707
New York, NY 10279
212-608-5858
jdibenedetto@dibenedettolaw.com**

*Attorneys for Bartolomeo Vernace*

**ARGUMENT**

I. INTRODUCTION

The instant memorandum is filed as a brief reply to the government's response to Vernace's pre-trial motions. For the reasons more specifically addressed herein and those specifically advanced within Vernace's original pre-trial motions, it is respectfully requested that the relief sought be granted.

II. **THE GOVERNMENT HAS MISSTATED BOTH THE LAW AND THE ARGUMENTS ADVANCED BY VERNACE IN FAVOR OF DISMISSAL BASED ON PRE-INDICTMENT DELAY.**

The government's memorandum is replete with misstatements of fact and employs intentionally deceptive paraphrasing of the arguments advanced by Vernace. The government's memorandum includes the following intentional misstatements:

**FIRST**, the government alleged that Vernace did not acknowledge that the state trial court's finding of prejudicial delay was overturned on appeal. See Gov't Resp. pg. 12. However, this is clearly not accurate. Vernace identified the appellate court's reversal almost instantly on page two within the statement of facts. See Vernace Pre-Trial Motion, pg. 2., fn. 1.

**SECOND**, the government falsely claimed that Vernace misstated the legal standard associated with a finding of pretrial delay, when in fact it is the government who is

misstating the applicable law. For example, the government erroneously alleged that gross negligence is not sufficient to establish pre-trial delay. See Gov't Resp., pg. 14. Yet this very district has upheld the dismissal of an indictment for pre-indictment delay based *not on intentional delay*, but rather delay stemming from the government's *failure to act*. See United States v. Gross, 165 F.Supp 2d at 385. More importantly, the Gross court clearly noted that neither the Second Circuit nor the Supreme Court has squarely addressed whether a state of mind short of intent, such as negligence, could fall within the rubric of governmental misconduct and that other circuits had dismissed indictments after expressing varying views as to what type of governmental conduct would result in a due process violation. See id. at 378-79. Accordingly, gross negligence, which is clearly present in the instant case, is a form of government misconduct which can and should result in dismissal of the relevant counts.

  That being said, Vernace also argued that dismissal was proper based on the government's intentional conduct for purposes of gaining an unfair tactical advantage. In fact, Vernace alleged that based on the government's intentional delay, they now have "the ability to introduce gruesome and violent evidence of a crime for which Vernace was already acquitted in the hopes of tainting the jury and convicting him

of the other racketeering acts which are equally questionable." See Vernace Pre-Trial Motion pg. 14-15. Therefore, any argument by the government that Vernace has not argued the proper standard is a frivolous attempt to disguise the overwhelming evidence in favor of dismissal under either theory.

**THIRD**, the government further erroneously alleged that Vernace is required to identify "evidence that was available to him during the state proceedings but that is now absent, to his detriment, for purposes of the pending proceeding." See Gov't Resp. at 13. Simply put, no such requirement exists. Rather, the only requirements to establish a due process violation based on pre-indictment delay consist of actual prejudice and delay to gain an advantage over the accused. See United States v. Hoo, 825 F.2d 667 (2d Cir. 1987). Therefore, Vernace's claim is not limited to evidence available to him during the state trial but now absent. In other words, any and all items "absent" since 1981 up until present day are relevant for the Court's analysis regarding Vernace's claim for prejudicial pretrial delay.

It is respectfully asserted that an adverse inference should be drawn against the government and their arguments should be rejected in their entirety based on their repeated and intentional misstatements.

**III. THE GOVERNMENT'S STATED REASON FOR THE PROLONGED DELAY IN PROSECUTION BORDERS ON THE FRIVOLOUS.**

The government's stated reason for the 30 year delay in prosecution flies in the face of well-established law and ignores overwhelming evidence which supports dismissal based on prejudicial pre-indictment delay.

The government has given the following flawed justification for the extensive delay:

> Here, the timing of the allegations in the racketeering conspiracy charge relating to the D'Agnese and Godkin murders was determined by the need for the government to fully investigate those crimes in relation to the charged racketeering conspiracy (Count One), to determine the extent of the criminal charges to be brought and to obtain the cooperation of witnesses and other evidence necessary to prevail at trial.

See Gov't Resp., pg. 21.

In other words, the government is claiming that they can investigate a crime and hope and wait for cooperators for as long they would like without consequence. Fortunately, there is a clear body of law, for which the instant motion is based, which prohibits protracted delay to gain a tactical advantage.

In fact, this very district rejected a similar claim by this very office. In United States v. Gross, 165 F.Supp 2d 372, 383-84 (E.D.N.Y. 2001) the government claimed a ten year delay in prosecution was based on "investigative delay," which included "the process of gathering evidence in this matter,

4

which involved the interview of dozens of witnesses and the review of hundreds of thousands of pages of documents ..." In summary, the Government asserted that "the vast majority of the time in which defendants direct their complaints was spent on legitimate investigation." See id.

The Gross court ultimately dismissed the indictment in spite of the government's allegation of investigative delay because the six years were not used for the type of "careful investigation" deemed acceptable by the Second Circuit. See id. Similarly, the facts surrounding instant prolonged delay do not equate to "careful investigation." The government has not – because they can not – cite to a single piece of newly discovered evidence that would justify this extensive delay. In fact, they provided nothing more than unsupported standard conclusory language.

Therefore, for all these reasons, it is respectfully requested that the aforementioned racketeering acts be dismissed based on prejudicial pre-indictment delay, or at a bare minimum, a hearing be granted to further investigate the actual prejudice and extent of what the government alleges to be "legitimate considerations" for the delay.

**IV.  VERNACE HAS SUFFERED ACTUAL PREJUDICE.**

The overwhelming evidence in support of actual prejudice can not be drowned out by the government's repeated, unsubstantiated and conclusory claims that Vernace has not suffered actual prejudice.

As previously noted, a claim of prejudice is typically understood to mean the sort of deprivation that impairs a defendant's right to a fair trial. See Elsbery, 602 F.2d at 1059. Such a deprivation may result from the loss of documentary or testimonial evidence that would have been available to the defense had the charges been brought more promptly. See *United States v. Hillegas,* 578 F.2d 453, 460 (2d Cir.1978); see also United States v. Gross, 165 F.Supp 2d 372 (E.D.N.Y. 2001).

To briefly recap, Vernace has cited to the following actual prejudice:

1. the loss of many police reports, including interviews of persons present at the Shamrock Bar on the night in question, as corroborated by Detective Mansfield within the trial judges decision dismissing the state court indictment;

2. the inability to identify and interview the persons present at the Shamrock Bar on the night in question as a result of the lost police report interviews;

6

3.  the inability to have persons present at the Shamrock Bar to view Vernace's photograph for identification purposes;

4.  the district attorney's office acknowledged that documents were lost but could not state with any degree of certainty how many documents or other materials are missing;

5.  a .38 caliber revolver found in Queens and linked through ballistics tests to this crime has been lost; and

6.  loss of witnesses given the 30 year delay.

See Vernace Pre-Trial Motion, pgs. 13-14.

In fact, these specific forms of actual prejudice have gone un-rebutted by the government. Therefore, dismissal is proper.

**V.   VERNACE'S REQUEST TO STRIKE THE ALIAS "PEPE" IS LIMITED SOLELY TO THE CAPTION PORTION OF THE INDICTMENT.**

Including the alias "Pepe" within the caption of the instant indictment exposes Vernace to significant prejudice, which could be easily averted. State differently, including the alias within the caption creates the aura that Vernace is in fact "Pepe." The prejudice faced by Vernace is significant considering that the government's proffered evidence, if admissible, would consist of a non-recorded telephone call wherein one participant allegedly identified himself as "Pepe."

7

Additionally, the alleged participant in the Godkin and D'Agnese shootings was only known as "Pepe" and never identified at the time of the shooting (1981) or during the state proceedings (1998).

Therefore, given the inherent prejudice stemming from the inclusion of the alias "Pepe" with Vernace's name combined with the fact that a large portion of this case rises and falls on the identity of "Pepe," striking the alias only from the caption portion of the indictment is necessary and proper, or alternatively, this Court should provide the jury with a specific instruction informing them that the caption is not evidence and that the government is required to prove that Vernace is in fact "Pepe."

**VI. CONCLUSION.**

For the aforementioned reasons and the reasons contained in our previous memorandum, it is respectfully requested that this Court grant the relief requested.

Dated: February 28, 2012
       New York, New York

                                    Respectfully submitted,

                                    _____/S/_____

                                    CHARLES F. CARNESI
                                    1225 Franklin Avenue, Suite 325
                                    Garden City, New York 11530
                                    516-512-8914
                                    Cfcarnesi49@aol.com

8

```
                              JOSEPH DIBENEDETTO
                              The Woolworth Building
                              233 Broadway, Suite 2707
                              New York, NY 10279
                              212-608-5858
                              jdibenedetto@dibenedettolaw.com
```

*Attorneys for Bartolomeo Vernace*

9