

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EMN/SEF
F.#2008R01634

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 6, 2012

By ECF and Hand

The Honorable Sandra L. Townes
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re: United States v. Bartolomeo Vernace
           Criminal Docket No. 11-005 (S-1) (SLT)

Dear Judge Townes:

     The government respectfully seeks leave of the Court to file this brief surreply in response to defendant Bartolomeo Vernace's contention in his March 2, 2012 reply memorandum that the government made "intentional misstatements" regarding the legal standard applicable to a claim of preindictment delay. (Vernace Reply Mem. at 1).

     Vernace relies on United States v. Gross, 165 F. Supp. 2d 372 (E.D.N.Y. 2001) (SJ), a 2001 decision in which the Honorable Sterling Johnson, Jr. dismissed an indictment charging the defendants with bank fraud and related crimes Id. at 374. In Gross, the court noted that, to prevail on a claim of preindictment delay, the defendant must show "1) that the pre-indictment delay resulted in actual prejudice; and 2) that the delay was 'an intentional device to gain tactical advantage over the accused.'" Id. at 378. The court went on to note that "neither the Second Circuit nor the Supreme Court has squarely addressed whether a state of mind short of intent, such as negligence, could fall within the rubric of governmental misconduct." Id.; see also id. ("The Second Circuit has specifically declined to reach the question of 'the propriety of dismissing an indictment for reason of prosecutorial negligence.'").[1] Accordingly, Gross supports the government's

---

    [1]    Cf. United States v. Carbonaro, Cr. No. 02-743 (RCC), 2004 WL 2222145, at *3, n.1 (S.D.N.Y. Sep. 30, 2004) ("It is

contention that the Second Circuit has <u>not</u> adopted reckless disregard as the standard applicable to claims of preindictment delay. (Gov't Mem. at 14 & n.5).

Moreover, while Judge Johnson ultimately did dismiss the indictment in <u>Gross</u> without an explicit finding of intentional delay, he did so only after concluding first, that the defendants had suffered "actual and severe prejudice as a result of the Government's extreme delay in bringing the indictment," which had rendered a fair trial "nearly impossible," and second, that the government had provided no "legitimate investigatory reason for the delay" or "otherwise justif[ied] the prejudice suffered by Defendants." 165 F. Supp. 2d at 385. In reaching that conclusion, the court noted that the defendants had identified numerous specific documents that were missing from the bank's files and that would have been "critical to Defendants' case and their ability to show who made what representations to the bank, when those representations were made, and [the bank's] knowledge as to the nature of the transactions at issue." <u>Id</u>. at 382.[2]

<u>Gross</u> is, accordingly, easily distinguishable from the present case. <u>First</u>, Vernace has failed to proffer any "definite proof," <u>United States v. Birney</u>, 686 F.2d 102, 106 (2d Cir. 1982), of "actual, as opposed to possible prejudice" that he has sustained, <u>United States v. Gotti</u>, Cr. No. 02-743 (RCC), 2004 WL 32858, at *4 (S.D.N.Y. Jan. 6. 2004) (denying claim of preindictment delay where defendants did "not provide any details as to how the witnesses would exculpate them and therefore [did] not offer any particularity as to how they have been prejudiced"). Instead, Vernace simply contends in his reply brief, as he did in his moving brief, that the "loss of many police reports," the unavailability of unspecified witnesses, and the loss of a revolver linked to the crime through ballistics tests, have prejudiced him in unspecified ways. (Vernace Reply Mem. at 6-7). Such vague contentions are insufficient to meet Vernace's burden of proof. Other than the gun, Vernace has failed to identify a single item of "material, admissible evidence" that is unavailable to him. <u>United States v. Castellano</u>, 610 F. Supp. 1359, 1385-86 (S.D.N.Y. 1985). Nor has

---

unlikely that government negligence could violate an individual's right to due process.").

    [2] The court also cited the absence of three specific witnesses who the defendants contended would have corroborated their testimony concerning the nature of their transactions with the bank. <u>Gross</u>, 165 F. Supp. 2d at 383.

he identified how the absence of any evidence has harmed him. Indeed, as the government has previously noted, <u>all</u> of the items Vernace cites were equally unavailable prior to the state court trial in 2002, in which Vernace was acquitted.³  For that reason alone, Vernace's claim of prejudice fails on its face.

      <u>Second</u>, <u>Gross</u> involved a discrete series of bank transactions that occurred nearly a decade before the defendants were indicted.  Here, by contrast, Vernace is charged with a continuing offense – racketeering conspiracy – comprising a pattern of racketeering activity that spans several decades.  Indeed, the double homicide alleged as Racketeering Acts Two and Three forms only a part of the pattern of racketeering activity alleged in the superseding indictment, which includes seven specific acts, ranging from a 1981 heroin conspiracy (Racketeering Act One) to an illegal gambling predicate (Racketeering Act Four) that continued virtually until the date of Vernace's arrest in January 2011.  When the government's racketeering investigation began in 2008, Vernace had just been appointed to a three-member ruling panel to run the affairs of the Gambino crime family following the February 2008 arrests of the entire administration in <u>United States v. Agate, et al.</u>, Cr. No. 08-76 (JBW) (E.D.N.Y.).  The ensuing investigation, which resulted in Vernace's January 2011 indictment, uncovered evidence of Vernace's involvement in each of the predicate acts now alleged against him – including the double homicide – as well as evidence of his involvement in other, uncharged acts, and in the

---

   ³     The <u>Castellano</u> Court noted as follows:

> Defendants' arguments concerning the unfairness of using state crimes on which acquittals were obtained are particularly weak.  To the extent that evidence marshalled several years ago was instrumental in obtaining an acquittal, either that evidence is still present and usable or it has disappeared, in which case defendants should be able to demonstrate prejudice with the requisite specificity.  If the evidence was not discovered and used at earlier trials, however, the delay in indictment in this case cannot automatically be viewed as the cause of its disappearance, since it never appeared in the past.

<u>Castellano</u>, 610 F. Supp. at 1386.

affairs of the Gambino crime family more generally.  In short, Gross is inapt.

Vernace's contention that the government seeks to use the murders "in hopes of tainting the jury and convicting him of the other racketeering acts" is, accordingly, misplaced as a matter of law.  (Vernace Reply Mem. at 2-3).  Each of the predicate acts alleged in the superseding indictment properly forms a part of the overall pattern of racketeering with which Vernace is charged in engaging as a continuous offense over the course of more than 30 years.  See United States v. Eppolito, 543 F.3d 25, 46 (2d Cir. 2008) (observing that, with respect to "continuing offenses" such as racketeering conspiracy, a continuing offense is not complete until "the conduct has run its course").  The investigation of a straightforward bank fraud simply does not compare to the investigation of a complex and decades-long racketeering conspiracy that operated until the very eve of the defendant's arrest.  Not surprisingly, judges in this District (including Judge Johnson) faced with claims of preindictment delay in racketeering cases - even in cases involving decades-old racketeering acts - routinely reject claims of preindictment delay for failure to establish intentional delay on the part of the government to obtain a tactical advantage.  See, e.g., United States v. Messina, Cr. No. 11-031 (KAM), 2012 WL 463973, at *6 (E.D.N.Y. Feb. 13, 2012) (denying, without a hearing, claim of preindictment delay regarding 1992 murder/robbery alleged as a racketeering act because the defendant, a Bonanno crime family associate, "has not . . . show[n] that the government intentionally delayed filing the Indictment in order to obtain a tactical advantage"); United States v. Burke, Cr. No. 09-135 (SJ), 2011 WL 2609837, at *7 (E.D.N.Y. July 1, 2011) (order adopting magistrate judge's report and recommendation) (denying, without a hearing, claim of preindictment delay regarding 1982 murder alleged as a racketeering act because the defendant, a Gambino crime family associate, had failed "adequately to allege that the Government has engaged in deliberate actions to delay the indictment in this case for its own benefit").[4]

---

[4] Vernace also contends that the government made an "intentional[] misstatement[]" to the Court by alleging that Vernace's moving brief did not "acknowledge that the state trial court's finding of prejudicial delay was overturned on appeal." (Def. Reply Br. at 1).  The government did inadvertently overlook the footnote Vernace cites in the background section of his brief.  (Def. Mem. at 2 n.1).  However, the government notes that the preindictment delay argument in the same brief spanned 11 pages, of which nearly three full pages were devoted to the trial

5

      Accordingly, the government respectfully seeks leave to file this brief surreply with respect to Vernace's pretrial motions. For the reasons set forth above, as well as the reasons set forth in its memorandum in opposition to Vernace's motion, the government respectfully submits that Vernace's motions should be denied.

                                    Respectfully submitted,

                                      LORETTA E. LYNCH
                                    United States Attorney
                                    Eastern District of New York

                            By:    /s/
                                    Evan M. Norris
                                    Stephen E. Frank
                                    Assistant U.S. Attorneys
                                    (718) 254-6376/6143

cc:   Charles Carnesi, Esq. (via ECF)
     Joseph DiBenedetto, Esq. (via ECF)
     Clerk of Court (SLT) (via ECF)

---

court's decision, including more than a page of single spaced block quotes. (See Def. Mem. at 12-14). The entire opinion was also appended to the brief as Exhibit C. Nowhere in the argument section did Vernace acknowledge that the opinion was reversed by the Appellate Division as well as the New York Court of Appeals, and those opinions are never cited.