UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiffs,        **MEMORANDUM & ORDER**

— against —                            11-CR-005 (SLT)

BARTOLOMEO VERNACE, *et al.*,

                Defendants.
------------------------------------------------------------X
**TOWNES, United States District Judge:**

POINT ONE B

    Bartolomeo Vernace ("Defendant") moves to dismiss racketeering acts two and three of count one of the instant indictment. Racketeering act two alleges a conspiracy to murder and the murder of John D'Agnese. Racketeering act three alleges a conspiracy to murder and the murder of Richard Godkin. The defendant does not claim that the indictment is not valid on its face. Instead, he argues that the alleged acts are not related to either the other predicate acts or to the charged enterprise, as the shootings occurred because of a dispute that arose over a spilled drink. Counsel supports his conclusion that the predicate acts are not related with his review of an extensive state court file, testimony in a trial that resulted in an acquittal of defendant, and review of testimony given by a government informant regarding these murders during three separate trials.

    Defendant cites to *United States v. Bruno*, 383 F.3d 65 (2d Cir. 2004), for the proposition that the Second Circuit Court of Appeals has rejected a finding of relatedness on facts more compelling than the facts of this case. In its opposition, the government submits that the defendant's motion is premature because it is premised on the insufficiency of the evidence. The government is correct.

Rule 12(b)(2) of the Federal Rules of Criminal Procedure provides that "[a] party may raise by pretrial motion any defense, objection or request that the court can determine without a trial of the general issue." However, "[i]t is axiomatic that, in a criminal case, a defendant may not challenge a facially valid indictment prior to trial for insufficient evidence." *United States v. Gambino*, 809 F. Supp. 1061, 1079 (S.D.N.Y. 1992). Instead, the time to advance such a motion is after the government has presented its case at trial. *Id.* The cases cited by defendant to support his position do not involve pre-trial motions to dismiss. Rather, the cases involve post-trial appeals challenging the sufficiency of the evidence presented at trial. It is well settled that an indictment that is valid on its face cannot be dismissed on the grounds that it is based on inadequate or insufficient evidence. *United States v. Williams*, 504 U.S. 36, 54 (1992); *United States v. Casamento*, 887 F.2d 1141, 1182 (2d Cir. 1989) ("An indictment, if valid on its face, may not be challenged on the ground that it is based on inadequate evidence") *cert. denied*, 493 U.S. 1081 (1990); *see also Costello v. United States*, 350 U.S. 359, 363 (1956) ("If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence [,]...[t]he result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury.")

Here, the Court cannot determine what the facts are and whether they are sufficient to meet the government's burden of proof at this stage of the proceedings. "Nothing demands that the Indictment contain all of the Government's anticipated evidence at trial...." *U.S. v. Brown*, 321 F. Supp. 2d 598, 600 (S.D.N.Y. 2004). The defendant retains the right, pursuant to Federal rule of Criminal Procedure 29(a), to move for a judgment of acquittal after the government presents all of its evidence at trial. *Id.* at 601.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss racketeering acts two and three of count one in the indictment is denied without prejudice.

**SO ORDERED.**

/S/
SANDRA L. TOWNES
United States District Judge

Dated: April 25, 2012
Brooklyn, New York

3